AMANDA F. JORDAN *vs.* AMERICAN EXPRESS COMPANY.

Androscoggin.    Opinion February 13, 1894.

*Common Carrier.    Negligence.    Evidence.*

No action can be maintained against a common carrier for hire to recover
damages for not safely carrying merchandise, when the proof fails to connect
the carrier with any fault touching the article intrusted to it for carriage.

ON REPORT.

This was an action on the case in which the plaintiff alleged
that she purchased, at two different times, in Boston, alcohol
to be used in her business of compounding a certain medicine
and delivered it to the defendant in Boston to be carried to New
Gloucester, in this State; that while in transit, and in its pos-
session, the defendant drew off about one half and adulterated
the remainder with water, so that it became unfit for the use
intended by the plaintiff; that the plaintiff not knowing the
alcohol has been tampered with and adulterated used it in
compounding and preparing her said medicine, whereby said
medicine was rendered unfit and the plaintiff thereby greatly
injured in her business and put to great expense in replacing
her medicine, &c.

The testimony relating to the filling the orders for the alcohol
and its delivery to the defendant company is found in the
deposition of Erastus C. Gaffield, a member of the firm of D.
T. Mills & Co., Boston.    The material parts of his deposition
are as follows :

"Int. 2. State whether or not on the 19th day of May, 1892,
you sold any alcohol to Mrs. A. F. Jordan, the plaintiff in this
action?    Ans.  We did not sell to Mrs. Jordan, but did sell to the
India Drug Company, at No. 24, India Square, Boston, four
gallons of alcohol.

"Int. 3. What was the quality of this alcohol?    Ans.  Stan-
dard grade and quality, same as we sell to all others, proof
one hundred and eighty-eight government standard, same as
was formerly known as ninety-five per cent alcohol.

"Int. 4. Is that the best quality of alcohol in the market? Ans. Yes.

"Int. 5. To whom did you ship this four gallons on the 19th day of May, 1892? Ans. On instructions of the India Drug Company it was delivered by us to the American Express Company, marked Mrs. A. F. Jordan, New Gloucester, Maine.

[Same testimony as to the lot of three gallons sold July 14th.]

"Int. 10. On each of the days above stated . . . did the American Express Company call at your place of business and receive the alcohol in question there from your firm? Ans. We have their receipts signed under that date.

"Int. 11. Were those goods delivered to the American Express Company at your place of business? Ans. Yes."

The witness testified on cross-examination :—

"Cross Int. 1. Did you personally put up and pack the two lots of alcohol before mentioned, or either of them? Ans. I don't think I did, as that is the work done by my men generally.

"Cross Int. 2. Did you personally see said lots of alcohol put up and packed, or either of them? Ans. Well! That is a very difficult question to answer. I am generally about and may have seen it and may not have seen it. I don't know about these particular lots.

"Cross Int. 3. Did you personally deliver these lots of alcohol, or either of them, to the American Express Company? Ans. I don't know.

"Cross Int. 4. Do you know whether or not you saw these lots of alcohol, or either of them, delivered to the Express Company? Ans. I cannot say whether I did or not."

Direct examination resumed :

"Int. 12. The alcohol that was shipped by your company to Mrs. Jordan, on the days above stated, was of what proof? Ans. We dump into a large tank alcohol as received by us from the Distilling and Cattle-Feeding Company, in barrels, bearing government inspection one hundred and eighty-eight proof, and from this tank deliver all small orders. The alcohol shipped to the party named, Mrs. Jordan, came from that tank. This is all I can testify to personally. I didn't examine it.

" Int. 13. Do you now, or have you had alcohol in stock other than the one hundred and eighty-eight government proof? Ans. No."

Cross-Examination resumed :—

" Cross Int. 5. What personal knowledge have you that what was delivered to the American Express Company, directed to Mrs. Jordan on the two occasions to which you have testified, came from this tank which you have mentioned? Ans. My personal knowledge is founded on the methods of our house in filling such orders. Beyond this I can say nothing. I have no absolute, personal knowledge relating to these particular lots."

The plaintiff put in evidence the receipts taken by D. T. Mills & Company from the American Express Company, under the two dates above named, from which it is stated " value asked and not given. Accepted only at owner's risk of damage." With the receipt follows the usual and common printed conditions, and terms used by the defendant company in its business. The view of the case taken by the court renders a report of them unnecessary.

The plaintiff also put in evidence the following letter of the defendant's general superintendent :—

" American Express Company. General Superintendent's Office. Eastern New England Division.

Bangor, Me., October 18th, 1892.

" Messrs. McGillicuddy & Morey, Lewiston, Maine.

" Gentlemen : Your letter of the 8th instant, together with all papers relating to claim of Mrs. Jordan, have been referred to this office. The matter has been investigated very carefully on our part, and we are unable to ascertain that the shipment in question met with an accident, or was tampered with while in our hands. We are only liable in any event for actual loss of goods ; and the only weak point we have is, that the contents appeared to be leaking when the shipment arrived at Portland.

" We cannot entertain any claim for consequential damages, but will consider one for actual cost of goods lost if you will present a bill showing value of same. Yours truly,

F. W. Carr, Gen'l Supt."

The testimony on the question of damages is omitted.

After the evidence was out, by agreement of the parties the case was reported to the law court to determine, upon so much of the evidence as is admissible, whether the action was maintainable ; and if so, the rule of damages. If consequential damages are recoverable, then, the case was to stand for trial ; otherwise, the law court to render judgment for such damages as are proved.

*McGillicuddy and Morey*, for plaintiff.

The defendant admits its liability for the cost of the alcohol. Damages : *Thomas* v. *Dingley*, 70 Maine, p. 100 ; *Wyman* v. *Leavitt*, 71 Maine, p. 229. Loss of profits : *City of Antonio* v. *Royal* (Tex.), 16 S. W. Rep. 1101.

*Wilson and Woodard*, for defendant.

The party who packed the alcohol and who delivered it to defendant company, and who might have known what was packed and what was delivered, was not called as a witness, and the only person who was called confesses that he had no personal knowledge in relation to the matter at all. *McQuesten* v. *Sanford*, 40 Maine, 117. Owner's risk : *Fillebrown* v. *G. T. Ry. Co.* 55 Maine, 462 ; *Little* v. *B. & M. R. R.* 66 Maine, 239. Burden of proof : *Plantation* v. *Hall*, 61 Maine, 517. Damages : *Grindle* v. *Eastern Express*, 67 Maine, 317-321, and cases.

SITTING : PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WISWELL, JJ.

HASKELL J.   Action against an express company for not safely carrying seven gallons of alcohol, contained in tin cans and boxed.   The carrier receipted for two boxes, not valued, nor contents specified. The boxes were delivered to the plaintiff, apparently in the condition received, except they were wet, presumably, in the absence of proof, from leakage. There is no proof that the cans were full when delivered to the plaintiff.

The alcohol was ordered from a firm in Boston that purchased the same of another firm there and ordered it shipped *via* express to the plaintiff.   The complaint is that the alcohol was reduced

in strength in transit.   The plaintiff must prove this.   There is no direct proof as to the strength of the alcohol delivered to the carrier.   The only witness upon this point is a member of the firm that shipped the alcohol, who says : " I have no absolute personal knowledge relating to these particular lots.   My personal knowledge is founded on the methods of our house in filling such orders. Beyond this I can say nothing."   Inferior alcohol might have been shipped by mistake or otherwise without his knowledge. The proof fails to connect the defendant carrier with any fault touching the merchandise intrusted to it for carriage.   Without such proof this action cannot be maintained.

*Judgment for defendant.*